UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/07

RONNIE A. HERSHMAN, M.D.,

                Plaintiff,

-against-

UNUMPROVIDENT CORPORATION and THE
PAUL REVERE LIFE INSURANCE CO.,

                Defendants.

06 Civ. 5604 (RJH)

**MEMORANDUM OPINION
AND ORDER**

      Defendants UnumProvident Corporation ("UnumProvident") and its subsidiary The Paul Revere Life Insurance Company ("Paul Revere") have moved pursuant to 28 U.S.C. § 1404(a) for an order to transfer this action from the Southern District of New York to the Eastern District of New York. For the reasons set forth below, defendants motion **[15]** is DENIED.

## BACKGROUND

      Plaintiff Ronnie A. Hershman, M.D. alleges that defendants wrongfully terminated disability benefits to which he was entitled under an insurance policy. Plaintiff is a doctor residing and working in New York State, specifically in the Eastern District. Defendants are an insurance holding corporation and an insurance company both incorporated and headquartered outside of New York, but authorized to transact business and subject to personal jurisdiction in New York. On April 1, 1994, plaintiff purchased an insurance policy from Paul Revere, which provided that plaintiff would

receive monthly disability payments should he ever suffer from a total disability. (Compl. ¶ 8–9, Defs.' Reply Ex. 1.) After paying premiums for nearly ten years, plaintiff was injured and filed a disability claim with Paul Revere on December 30, 2003. (Compl. ¶ 13, 15.) Paul Revere subsequently approved plaintiff's claim and began to pay monthly disability benefits under the policy. (Compl. ¶ 17.) On December 29, 2005, Paul Revere notified plaintiff that it was terminating disability benefits because it believed he was no longer totally disabled within the meaning of the policy. Plaintiff filed suit in this court on July 25, 2006, seeking a declaratory judgment that he is disabled within the meaning of the policy, and therefore entitled to disability benefits. Defendants filed a motion to transfer pursuant to 28 U.S.C. § 1404(a) with this Court on December 27, 2006, asserting that the parties, witnesses, and documents in New York are all located in the Eastern District and that plaintiff's choice of the Southern District is not entitled to deference.

## DISCUSSION

28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a) (2006). The burden is on the moving party, here defendants, to make a "clear and convincing showing" that transfer is proper. *Habrout v. City of New York*, 143 F. Supp. 2d 399, 401 (S.D.N.Y. 2001); *see also Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978) ("the burden is on the defendant, when it is the moving party, to establish that there should be a change of forum"); *Schieffelin & Co. v. Jack Co. of Boca, Inc.*, 725 F. Supp. 1314, 1321 (S.D.N.Y. 1989) ("The moving party must make a clear-cut showing that transfer is in the

2

best interests of the litigation."). The moving party must demonstrate that: (1) the action is one that "might have been brought in the proposed transferee forum"; and (2) "the transfer promotes convenience and justice." *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 327 (E.D.N.Y. 2006); *see also Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 56 (S.D.N.Y. 2001). It is not disputed that this action could have been filed in the Eastern District. Therefore, the decision to transfer depends on the convenience of parties and witnesses and the interests of justice.

District courts have broad discretion in evaluating convenience and whether the transfer is in the interest of justice. *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) ("[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis."); *First City Nat. Bank and Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989) ("Balancing factors of convenience is essentially an equitable task. For that reason, an ample degree of discretion is afforded to the district courts in determining a suitable forum."). A non-exclusive list of factors includes: (1) plaintiff's choice of forum, (2) the locus of the operative facts, (3) the convenience of witnesses, (4) the convenience and means of the parties, (5) the location of relevant documents and the relative ease of access to sources of proof, (6) the availability of process to compel attendance of unwilling witnesses, (7) a forum's familiarity with the governing law, (8) trial efficiency and the interest of justice based on the totality of the circumstances.[1] *See, e.g., POSVEN, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 404 (S.D.N.Y. 2004); *Reliance Ins.*

---

[1] The Court notes here that the sixth and seventh factors are neutral as to a transfer of venue. Witnesses can just as easily be compelled to appear before the Southern District of New York as the Eastern District. *See* Fed. R. Civ. Pro. 45(b)(2). And the Southern District is just as familiar as the Eastern District with the law that will govern this case, whether it be that of Massachusetts or New York.

3

*Co.*, 155 F. Supp. 2d at 56–57. "There is no rigid formula for balancing these factors and no single one of them is determinative." *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000).

## I. Plaintiff's choice of forum

A plaintiff's choice of forum "is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer." *Royal & Sunalliance v. British Airways*, 167 F. Supp. 2d 573, 576 (S.D.N.Y. 2001); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). To overcome this presumption in favor of plaintiff's choice of forum, defendant must "make a clear showing that the proposed transferee district is a more convenient one, and that the interests of justice would be better served by a trial there." *Zangiacomi v. Saunders*, 714 F. Supp. 658, 660 (S.D.N.Y. 1989) (quoting *Schneider v. Sears*, 265 F. Supp. 257, 263 (S.D.N.Y. 1967)).

Defendants argue that plaintiff's choice of forum in this instance should be afforded less deference because the Southern District is not plaintiff's home forum and the events giving rise to the action occurred elsewhere. *See Neil Bros. Ltd.*, 425 F. Supp. 2d at 333. The Second Circuit has clarified the amount of deference to which a plaintiff is entitled when he files a lawsuit outside of his home forum: the more such a decision is "dictated by reasons that the law recognizes as valid, the greater the deference that will be given to" it; the more it appears the decision is "motivated by forum shopping reasons," the less deference will be accorded to it. *See Iragorri v. United Technologies Corp.* 274 F.3d 65, 73 (2d Cir. 2001). Here, there is no evidence that plaintiff chose the Southern

4

District to give him an improper advantage or put defendants at a tactical disadvantage. In such an instance, plaintiff's choice of forum weighs against a transfer, but it is not controlling.

## II. Locus of operative facts

Defendants argue that "[o]f the factors favoring a transfer of venue, the locus of operative facts most heavily favors a transfer to the Eastern District." (Defs.' Reply 9.) Defendants are correct that of all the factors, this is the one that most favors transfer (indeed, it is the only one that favors transfer). The transaction giving rise to the claim did not occur in the Southern District; it occurred in both the Eastern District, where the policy was applied for and granted and where plaintiff allegedly was unable to perform his occupation, and in Massachusetts, where the defendants deliberated about and ultimately terminated plaintiff's claim. Plaintiff contests this characterization of the locus of operative facts, noting that plaintiff received medical care in the Southern District, but the Court is persuaded that medical care will be a less important factor at trial than plaintiff's occupational duties. This factor thus weighs in favor of transfer.

## III. Convenience of Witnesses and Parties and Location of Documents

The convenience of the forum for witnesses "is probably considered the single most important factor in the analysis of whether a transfer should be granted." *Schnabel v. Ramsey Quantitative Sys., Inc.*, 322 F. Supp. 2d 505, 516 (S.D.N.Y. 2004) (citations and internal quotation marks omitted). Traditionally, when a defendant moves to transfer for the convenience of witnesses, it is his own witnesses with whom he is concerned. In this case, however, defendants' witnesses are primarily located in Massachusetts. (Pl.'s Opp'n 1.) It is difficult to believe, and in any case defendants

have not attempted to argue, that it is significantly less convenient for their witnesses (or themselves) to travel from Massachusetts to the Southern District of New York than it would be for them to travel from Massachusetts to the Eastern District of New York.

Defendants' argument instead focuses on the fact that plaintiff's witnesses, relevant documents, and plaintiff himself are located in the Eastern District of New York. (Defs.' Mot. 9.) While defendants' concern for the convenience of plaintiff and plaintiff's witnesses is commendable, it is misplaced. First, the Court is unconvinced by the argument that appearing at a courthouse just across the East River is meaningfully less convenient. *See Habrout*, 143 F. Supp. 2d at 401 (Southern District courthouse "lies just across the East River and just over the Brooklyn Bridge from the Eastern District"); *Kalter v. Norton*, 202 F. Supp. 950, 952 (S.D.N.Y. 1962) (convenience of parties and witnesses will not be served by transfer where "Eastern District and Southern District lie within the same City adjacent to one another"). Second, at least two key medical witnesses and their files are located in the Southern District. (*See* Pl.'s Opp'n Exs. E, F.) Finally, and most problematic for defendants' argument, plaintiff's place of business, where the majority of pertinent witnesses and documents are located, is the same distance from one courthouse in the Eastern District and substantially further from the other as from the courthouse in the Southern District,[2] making the current forum at least as convenient for producing all witnesses and documents. (*See* Pl. Opp'n 5.) This factor weighs against transfer, or at most is neutral.

---

[2] Using the address provided by defendant, plaintiff's place of business is eighteen miles from both the Manhattan and Brooklyn district courthouses and thirty-four miles from the Long Island district courthouse. (Hamelsky Cert. ¶ 5.)

6

## IV. Trial Efficiency and Judicial Economy

The final factor, the interest of justice, "relates primarily to issues of judicial economy." *Royal & Sunalliance*, 167 F. Supp. 2d at 578. Defendants have failed to provide a compelling argument as to why transfer would "further trial efficiency and the interest of justice." *Beatie and Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d 367, 397 (S.D.N.Y. 2006). There is no pending action in the Eastern District with which this case may be consolidated to avoid multiple cases on the same issue or which is otherwise similar enough to justify being heard by the same judge. *See Williams v. City of New York*, 03 Civ. 5342 (RWS), 2006 U.S. Dist. LEXIS 6470, 2006 WL 399456, at *3 (S.D.N.Y. Feb. 21, 2006) ("[E]xistence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy."). There is also no significant difference between the docket conditions of the Southern District and the Eastern District that might lead to a more expeditious resolution of the dispute in one venue or another and justify a transfer on efficiency grounds. *See Rabbi Jacob Joseph School v. Province of Mendoza*, 342 F. Supp. 2d 124, 131 (E.D.N.Y. 2004) (no difference in "calendar congestion" between Southern District and Eastern District). Indeed, although the case is still in its early stages, a transfer would if anything delay resolution of this dispute as a new court familiarized itself with the facts of the case. Accordingly, the Court finds that this factor is at most neutral.

## CONCLUSION

Weighing the factors set forth above, the Court in its discretion finds that defendants have failed to make "a clear-cut showing that transfer is in the best interests of the litigation." *Schieffelin & Co.*, 725 F. Supp. at 1321. Accordingly, the Court

declines to disturb plaintiff's acceptable choice of venue and order a transfer to another forum just across the river. *See generally* 15 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3854 (3d ed. 2007) ("Section 1404(a) should not be invoked for transfer between two courts if there is only a relatively short distance between the original forum and the proposed transferee court and it can be traveled easily."). Defendants' motion to transfer **[15]** is DENIED.

SO ORDERED.

Dated: New York, New York
April 25, 2007

Richard J. Holwell
United States District Judge